# EXHIBIT A

19STCV29927

...tronically FILED by Superior Court of California, County of Los Angeles on 08/23/2019 01:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REGENTS OF THE UNIVERSITY OF CALIFORNIA, a government entity; UCLA MEDICAL
CENTER MEDICAL STAFF; DEBORAH KRAKOW, M.D., an individual; DEREK KANG, an
individual; and DOES 1 THROUGH 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVE YU, M.D., an individual, and AISLING MURPHY, M.D., an
individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 19STCV29927 |
|---|---|

Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Henry R. Fenton - 1990 S Bundy Dr #777, Los Angeles, CA 90025 (310) 444-5244

| DATE: *(Fecha)* 08/23/2019 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* Marita P. Barel | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

Exh A - pg 4

19STCV29927

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Patricia Nieto

Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2019 01:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

Henry R. Fenton, State Bar No. 45130
Summer A. Main, State Bar No. 317697
**FENTON LAW GROUP, LLP**
1990 S. Bundy Drive, Ste. 777
Los Angeles, CA 90025
Telephone: 310-444-5244
Facsimile: 310-444-5280

Attorneys for Plaintiffs
*Steve Yu, M.D.*
*Aisling Murphy, M.D.*

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| STEVE YU, M.D., an individual, and AISLING MURPHY, M.D., an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA, a government entity; UCLA MEDICAL CENTER MEDICAL STAFF; DEBORAH KRAKOW, M.D., an individual; DEREK KANG, an individual; and DOES 1 THROUGH 50, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATION OF HEALTH & SAFETY CODE § 1278.5;** <br><br> **(2) LOSS OF CONSORTIUM;** <br><br> **(3) VIOLATION OF 42 U.S. CODE § 1983: U.S.C.A. CONST. AMEND. I, RIGHT TO FREE SPEECH;** <br><br> **(4) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1: INTERFERENCE WITH FIRST AMENDMENT RIGHT TO FREE SPEECH (CA CONST ART. 1, § 2, AND U.S.C.A. CONST. AMEND. I) BY THREAT, INTIMIDATION OR COERCION; AND** <br><br> **(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiffs Steve Yu, M.D. ("Plaintiff Yu" or "Dr. Yu") and Aisling Murphy, M.D. ("Plaintiff Murphy" or "Dr. Murphy," collectively referenced herein as "Plaintiffs"), file this Complaint for Damages against Defendants Regents of The University of California, UCLA Medical Center Medical Staff, Deborah Krakow, M.D., Derek Kang, and Does 1 Through 50, Inclusive:

## THE PARTIES

1.     Plaintiff Dr. Yu is a well-respected physician and surgeon, duly licensed to practice medicine in the State of California since on or about October 08, 2008.

2.     Plaintiff Dr. Murphy is a well-respected physician and surgeon, duly licensed to practice medicine in the State of California since on or about April 16, 2008.

3.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant Regents of The University of California ("Regents") is a public entity.

4.     Per California Government Code § 905.6, Defendant Regents is exempt from provisions found in the Government Claims Act.

5.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the University of California Los Angeles ("UCLA"), Ronald Reagan UCLA Medical Center, and UCLA Health are all subsumed entities of Defendant, Regents.

6.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the UCLA Medical Center Medical Staff ("Medical Staff") is an unincorporated entity formed pursuant to Business and Professions Code §§ 2282 and 2282.5, and California Code of Regulations, title 22, §§ 70701 and 70703, located in the County of Los Angeles. The Medical Staff is responsible for, among other duties, evaluating the members of the Medical Staff. (Business and Professions Code §§ 805 *et seq.*)

7.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, Defendant Deborah Krakow, M.D. ("Dr. Krakow"), an individual, is Chair of the Department of Obstetrics and Gynecology at Ronald Reagan UCLA Medical Center, and, therefore, is an officer, director, managing agent or employee of Defendant Regents.

FENTON LAW
GROUP LLP

**COMPLAINT FOR DAMAGES**

Exh A - pg 6

8.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, Defendant Derek Kang ("Derek Kang" or "Mr. Kang"), an individual, is Chief Compliance Officer in the Office of Compliance Services at Ronald Reagan UCLA Medical Center, and, therefore, is an officer, director, managing agent or employee of Defendant Regents.

9.      Defendant Does 1 through 50, inclusive, are other persons and entities that are responsible in some measure for the actions complained of herein. Their names are unknown at this time and they are therefore being sued under their fictitious names. At such time as their true names are ascertained, this petition will be amended to so reflect.

10.     Plaintiff is informed and believes and accordingly alleges that each Defendant is an agent and employee of each and every Defendant and, in performing the acts alleged in this complaint, was acting in the course and scope of said agency and employment. Plaintiff further is informed and believes and accordingly alleges that the agents and employees of each Defendant were acting within the purpose and scope of said agency and employment and on behalf of each other and each of the Defendants ratified and approved the acts of the other Defendants and of the agents and employees of the various Defendants.

## GENERAL ALLEGATIONS

**a. Background**

11.     Dr. Yu received his medical degree in 2004 from St. George's University School of Medicine.

12.     Post-medical school, Dr. Yu completed an internship and medical residency with Albany Medical Center and Case Western Reserve University in obstetrics and gynecology.

13.     Dr. Yu is Board Certified by the American Board of Obstetrics and Gynecology in obstetrics and gynecology.

14.     Dr. Yu has been employed by UCLA since 2012.

15.     Dr. Yu is currently an Associate Professor in UCLA's Department of Obstetrics and Gynecology, is an active OB/GYN physician and surgeon, and is a member of the Medical Staff.

16.   Dr. Yu specializes in minimally invasive surgery. He currently completes more MIS cases than any other surgeons in his Department.

17.   From the outset of his time working at UCLA, Dr. Yu was well-liked by his colleagues and patients. Dr. Yu regularly received excellent evaluations, actively engages in significant research in his field, and his employment with UCLA has been unblemished until the instant events.

18.   Dr. Murphy received her medical degree in 2002 from the Royal College of Surgeons in Ireland.

19.   Post-medical school, Dr. Murphy completed an internship at Beaumont Hospital in Dublin, Ireland, subsequently completing a residency in obstetrics and gynecology at Albany Medical Center and Case Western Medical Center.

20.   Dr. Murphy was a Fellow in Maternal Fetal Medicine ("MFM") with UCLA from 2008-2011.

21.   Dr. Murphy is Board Certified by the American Board of Obstetrics and Gynecology in both obstetrics and gynecology and the sub-specialty, maternal fetal medicine.

22.   Dr. Murphy has been employed by UCLA since 2008 and has held multiple titles.

23.   Dr. Murphy is currently an Assistant Clinical Professor in UCLA's Division of Maternal Fetal Medicine, Department of Obstetrics and Gynecology, is an active OB/GYN and MFM physician and surgeon, and is a member of the Medical Staff.

24.   From the outset of her time working at UCLA, Dr. Murphy was well-liked by her colleagues and patients. Dr. Murphy regularly received excellent evaluations, has been bestowed multiple awards, has completed well-regarded research in her field, and, as with Dr. Yu, her esteemed and lengthy career has been unblemished until the instant events.

25.   Dr. Yu and Dr. Murphy are married. This fact is known to all of their colleagues at UCLA.

**b. Dr. Koos' Case**

26.     Dr. Koos is a colleague of Plaintiffs Dr. Yu and Dr. Murphy. Like Dr. Murphy, Dr. Koos is also a member of the Department of Obstetrics and Gynecology Maternal-Fetal Medicine Division at Ronald Reagan-UCLA Medical Center and a member of the Medical Staff.

27.     Dr. Koos and Dr. Murphy have completed research together and have worked closely for more than a decade. Dr. Koos attended the wedding of Dr. Yu and Dr. Murphy in Ireland.

28.     In April 2018, Dr. Koos became aware of an infant who suffered a severe brain injury during birth at Ronald Reagan UCLA Medical Center. Dr. Koos reported this patient safety issue, and advocated for case review to determine how the injury occurred.

29.     Dr. Koos, in his capacity as Vice Chair of the OB/GYN Department, accessed the patient's records to complete a root-cause analysis, as is permitted under both State and Federal law, and is required by the Joint Commission accrediting agency.

30.     Dr. Koos was retaliated against by UCLA and was disciplined for accessing the records to determine the cause of the injury.

31.     Dr. Koos sued the Regents (UCLA) for retaliation under Health and Safety Code § 1278.5, as he was disciplined as a result of his advocacy for patient safety (Case No. 18STCV00470).

**c. Retaliation**

32.     Dr. Koos requested a peer review hearing with the Medical Staff to review the recommended discipline. The hearing began in January 2019.

33.     On or about February 21, 2019, Dr. Murphy testified on behalf of Dr. Koos at a peer review hearing session.

34.     Subsequent to Dr. Murphy's testimony, Dr. Yu (Dr. Murphy's husband), began to experience discriminatory treatment by agents of UCLA, specifically by Dr. Krakow and Mr. Kang, among others. This was in direct retaliation for Dr. Murphy's testimony, which was favorable for Dr. Koos. Defendants retaliated against Dr. Murphy by attacking her husband Dr.

**COMPLAINT FOR DAMAGES**

1    Yu, instead of Dr. Murphy directly, in an effort to circumvent liability pursuant to various anti-

2    retaliation statutes.

3         35.    After Dr. Murphy's testimony, Dr. Yu requested his office be moved from the

4    UCLA Westwood office location, to an open office at the UCLA Santa Monica location. Dr. Yu

5    was initially hired to work at the Santa Monica location. However, Dr. Krakow closed this office

6    and assured Dr. Yu that she would find another location in Santa Monica for him. This never

7    happened. Instead he was obliged to relocate to an office in Westwood. Dr. Krakow made a

8    verbal agreement with Dr. Yu that when the Santa Monica location re-opened and there was an

9    open office, Dr. Yu would be transferred back to Santa Monica.

10        36.    In the spring of 2019, an opening became available at the Santa Monica location

11   and Dr. Yu requested to be transferred back to the Santa Monica location per his agreement with

12   Dr. Krakow.

13        37.    Dr. Yu's request to transfer to the Santa Monica location was denied by leadership

14   of the Department of Obstetrics and Gynecology. Dr. Yu was informed by Department

15   leadership, in front of other employees, that physicians at the Santa Monica location

16   "complained" about Dr. Yu. However, Dr. Yu was not informed of what the "complaints" were,

17   or who at the Santa Monica location lodged the illusive "complaints." Further, leadership alleged

18   that potentially being in the same office space with his wife, Dr. Murphy, would be a compliance

19   issue. Lastly, leadership stated that their reluctance to relocate Dr. Yu was further justified due to

20   his ongoing investigated by the Office of Compliance.

21        38.    For clarity, Dr. Yu maintains a collegial relationship with the staff at the Santa

22   Monica location and has trained a fair majority of them.

23        39.    Since Dr. Murphy's testimony, Dr. Yu was moved yet again, this time to another

24   office in Westwood. Dr. Yu's office schedule has been arbitrarily changed by Defendants and/or

25   their agents/employees to a new, less favorable schedule. This has also resulted in a pay cut. This

26   change has not been applied equally to other similarly situated employees.

27

28

40.     Since Dr. Murphy's testimony, Dr. Yu's operating room schedule has been changed by Defendants and/or their agents/employees, hindering his ability to treat his patients and has had a negative impact on his income. This change has not been applied equally to other similarly situated employees.

41.     On or about May 2019, UCLA's Office of Compliance Services began an unprompted audit and investigation regarding Dr. Yu's record-keeping and billing. Dr. Yu met with Melissa Guevarra (Physician Compliance Manager) and May Cayabyab (Physician Compliance Auditor and Trainor) in the Office of Compliance, who asked Dr. Yu to alter his record-keeping practices, which Dr. Yu did in good faith.  The agents from the Office of Compliance and Dr. Yu made a verbal agreement to meet again in 1 month to review the changes to Dr. Yu's record-keeping.  This follow-up meeting did not occur.

42.     Instead of the follow-up meeting with the Office of Compliance, Dr. Krakow called Dr. Yu into her office. Dr. Yu was advised that Derek Kang, Chief Compliance Officer, had placed a freeze on his billing. Dr. Yu's billing, i.e. his income, was "frozen" by the Office of Compliance Services, along with Dr. Krakow, with no explanation and no ability to respond.

43.     Beginning in July 2019, and through the date of the instant Complaint, Dr. Yu's billing remains frozen by Defendants.

44.     Dr. Murphy and Dr. Yu are informed and believe, and thereon allege, that as a direct result of Dr. Murphy's cooperation and participation in the Medical Staff investigation and the parallel administrative peer review proceeding between Dr. Koos and the Medical Staff, and for Dr. Murphy exercising her right to free speech via her testimony at the administrative peer review hearing for Dr. Koos, Dr. Murphy was retaliated against via the discriminatory, threatening, and coercive conduct directed towards her husband, Dr. Yu, as noted *supra*.

45.     Dr. Murphy and Dr. Yu have been retaliated against in a variety of ways which has caused, and continues to cause, monetary harm, damage to Plaintiffs' professional reputation, as well as mental anguish and extreme emotional distress to both Plaintiffs.

46. For reference, in addition to Dr. Koos' active lawsuit against Defendants for retaliation, Dr. Carla Janzen, another physician in the same Department at UCLA, also has an active lawsuit against Defendants for behaviors substantially similar to those noted *supra* (Case No. 19STCV24840).

47. In relation to other similarly situated health systems, UCLA has a relatively small Obstetrics and Gynecology Department. With the addition of the instant Plaintiffs, currently *four* senior OB/GYN and MFM physicians are suing Defendants for the same or similar causes of action arising out of the same operative facts, all with similar concerns, including Defendants propensity to abuse their positions of authority, quiet UCLA physicians' patient safety reports, and quell their physicians' free speech. This all occurred under the tenure of Dr Krakow, who was appointed as Chair of the Department of Obstetrics and Gynecology in 2018

48.

49. None of the aforementioned physicians have ever sued their respective employers.

## CAUSES OF ACTION

### FIRST CAUSE
**For Violation of Health and Safety Code Section 1278.5**
**Against All Defendants**

50. Plaintiffs re-allege and incorporate by reference each of the allegations contained *supra* as set forth herein.

51. As discussed above, in February 2019, Dr. Murphy participated in the investigation and administrative proceeding of the Medical Staff related to Dr. Koos' access of patient records for a patient safety purpose. She testified on behalf of Dr. Koos.

52. Dr. Murphy and Dr. Yu are informed and believe, and thereon allege, that as a direct result of Dr. Murphy's participation in an investigation and administrative proceeding of an entity responsible for evaluating the Medical Staff, Dr. Murphy was retaliated against when her husband's billing was frozen, his schedule was changed, and his office move was denied. This directly affected Dr. Murphy, both emotionally and financially, as Dr. Yu and Dr. Murphy are married and have a joint income.

COMPLAINT FOR DAMAGES

Exh A - pg 12

53.     Health & Safety Code § 1278.5 provides:  "The Legislature finds and declares that it is the public policy of the State of California to encourage patients, nurses, members of the medical staff, and other health care workers to notify government entities of suspected unsafe patient care and conditions. The Legislature encourages this reporting in order to protect patients and in order to assist those accreditation and government entities charged with ensuring that health care is safe. The Legislature finds and declares that whistleblower protections apply primarily to issues relating to the care, services, and conditions of a facility and are not intended to conflict with existing provisions in state and federal law relating to employee and employer relations."

54.     Subsection (b)(1)(B) of Health & Safety Code § 1278.5 prohibits a health facility from discriminating or retaliating, *in any manner*, against a member of the medical staff for participating and cooperating in an investigation or administrative proceeding related to the quality of care at the facility, that is carried out by an entity responsible for evaluating the Medical Staff of the facility. Here, as noted *supra*, Dr. Murphy participated and cooperated in an investigation and administrative proceeding as directed by the Medical Staff on or about February 21, 2019. (See ¶ 33.).

55.     Thus, Dr. Murphy has engaged in protected activities under Health & Safety Code § 1278.5.

56.     Subsection (b)(1)(B) of Health & Safety Code § 1278.5  states that discriminatory treatment "…includes, *but is not limited to*, discharge, demotion, suspension, or any unfavorable changes in, or breach of, the terms or conditions of a contract, employment, or privileges of the employee, member of the medical staff, or any other health care worker of the health care facility, or the threat of any of these actions." (Emphasis added).

57.     Plaintiffs Dr. Murphy and Dr. Yu have been subjected to (1) retaliation and, (2) discriminatory treatment, as a direct result of Dr. Murphy engaging in the aforementioned protected activities.

58.     Dr. Murphy and Dr. Yu are informed and believe, and thereon allege, that the aforementioned conduct of the Defendants, and each of them, that resulted in retaliatory and discriminatory conduct directed at Dr. Murphy and Dr. Yu was done in bad faith, and, furthermore, was willful, malicious and carried out with the intention of the Defendants to cause Plaintiffs' injury, and that it was despicable conduct which subjected Plaintiffs to unjust hardship in conscious disregard of their rights so as to justify an award of exemplary or punitive damages in an amount according to proof, or such other remedy deemed warranted by the Court in light of the egregious circumstances of this case. Defendants' actions were especially malicious as the discriminatory conduct directed at Dr. Yu was a clear attempt to avoid liability for retaliation truly aimed at Dr. Murphy, as designated under California statute and, furthermore, caused significant emotional distress of two active physicians, which in turn had the potential of adversely affecting innocent patients across multiple clinics/campuses.

59.     As a proximate result of the wrongful conduct of Defendants, Plaintiffs have also suffered substantial mental injury, anxiety, worry, mental and emotional distress, shame modification and hurt feelings, economic damages, and other damages in an amount to be proven at trial.

## SECOND CAUSE
### Loss of Consortium
### Against All Defendants

60.     Plaintiffs re-allege and incorporate by reference each of the allegations contained *supra* as set forth herein.

61.     As a direct and proximate consequence of Defendants' unlawful acts, Plaintiffs have suffered substantial mental injury, anxiety, worry, mental and emotional distress, shame modification and hurt feelings, economic damages, and other damages.

62.     As a direct and proximate result of the afore-mentioned injuries suffered by Plaintiff Dr. Murphy's spouse, Dr. Yu , Plaintiff Dr. Murphy has been deprived, continues to be deprived, and expects to be deprived in the future, of her spouse's companionship, affection, love, sexual relations, conjugal fellowship, assistance in maintaining the family home and comfort for a

FENTON LAW
GROUP LLP

Exh A - pg 14

1  non-determinable length of time, which deprivation has caused, continues to cause, and in the

2  future is expected to cause Plaintiff to suffer depression, emotional distress, loss of earning

3  capacity, past, present, and future, and other injuries, the full extent of which has not yet been

4  ascertained, but which will be stated according to proof at trial.

5        63.   As a further direct and proximate result of the aforesaid conduct of defendants, and

6  each of them, Plaintiff Dr. Murphy has sustained a loss of consortium, love, society, comfort and

7  affection with respect to Plaintiff Dr. Yu and has thereby sustained pecuniary loss in a some

8  within the jurisdictional limits of the Court, which will be stated according to proof at trial.

9        64.   As a direct and proximate result of the afore-mentioned injuries suffered by

10  Plaintiff Dr. Yu's spouse, Dr. Murphy, Plaintiff Dr. Yu has been deprived, continues to be

11  deprived, and expects to be deprived in the future, of his spouse's companionship, affection, love,

12  sexual relations, conjugal fellowship, assistance in maintaining the family home and comfort for a

13  non-determinable length of time, which deprivation has caused, continues to cause, and in the

14  future is expected to cause Plaintiff to suffer depression, emotional distress, loss of earning

15  capacity, past, present, and future, and other injuries, the full extent of which has not yet been

16  ascertained, but which will be stated according to proof at trial.

17        65.   As a further direct and proximate result of the aforesaid conduct of Defendants,

18  and each of them, Plaintiff Dr. Yu has sustained a loss of consortium, love, society, comfort and

19  affection with respect to Plaintiff Dr. Murphy and has thereby sustained pecuniary loss in a some

20  within the jurisdictional limits of the Court, which will be stated according to proof at trial.

21                    **THIRD CAUSE**

**For Violation of 42 U.S. Code § 1983:**

22  **U.S.C.A. Const. Amend. I, Right to Free Speech**

**Against All Defendants**

23

24        66.   Plaintiffs re-allege and incorporate by reference each of the allegations contained

25  *supra* as set forth herein.

26        67.   Defendants, and their employees/agents, are state actors.

27

28

68.     Defendants, and their employees/agents, violated Plaintiffs' First Amendment rights to free speech by "punishing" Dr. Murphy for testifying truthfully at the Medical Staff peer review administrative hearing of her colleague, Dr. Koos. As a consequence of Dr. Murphy exercising her First Amendment rights pursuant to the United States and California Constitutions, Defendants harassed, abused, and intimidated Dr. Murphy's husband, Dr. Yu, without provocation by Dr. Yu, by, among other actions, arbitrarily altering his work schedule and operating room time, declining his valid office transfer request, defaming Dr. Yu in front of his colleagues, and withholding his income.

69.     Said retaliatory acts of Defendants were intended as a punitive measure for Dr. Murphy exercising her constitutional rights, and as an effort to deter Dr. Murphy from future exercise of her constitutional rights.

70.     These unlawful actions were done with the specific intent to deprive Plaintiffs of their constitutional rights.

71.     As a direct and proximate consequence of Defendants' unlawful acts, Plaintiffs have also suffered substantial mental injury, anxiety, worry, mental and emotional distress, shame modification and hurt feelings, economic damages, and other damages in an amount to be proven at trial.

## FOURTH CAUSE
### For Violation of California Civil Code § 52.1:
### Interference with Right to Free Speech
### (CA Const. Art. 1, § 2, AND U.S.C.A. Const. Amend. I)
### By Threat, Intimidation or Coercion
### Against All Defendants

72.     Plaintiffs re-allege and incorporate by reference each of the allegations contained *supra* as set forth herein.

73.     Defendants' agents and employees have used intimidation and coercion, via the conduct noted herein, specifically the acts described against Dr. Yu, to interfere with both Plaintiffs' rights to free speech.

Exh A - pg 16

74.     Plaintiffs' right to free speech are secured by the Constitution of the United States, the Constitution of the State of California, and the statutory laws of the State of California.

75.     As a direct and proximate consequence of Defendants' unlawful acts, Plaintiffs have suffered substantial mental injury, anxiety, worry, mental and emotional distress, shame modification and hurt feelings, economic damages, and other damages in an amount to be proven at trial.

76.     Plaintiffs are entitled to an injunction pursuant to California Civil Code §52.1.

77.     Plaintiffs are also entitled to damages pursuant to Civil Code §§ 52 and 52.1.

## FIFTH CAUSE
### Intentional Infliction of Emotional Distress
### Against All Defendants

78.     Plaintiffs reallege and incorporate by reference as set forth fully herein the allegations of all foregoing paragraphs.

79.     Plaintiffs assert that Defendants' knowing and willful conduct, as outlined *supra*, constitutes extreme and outrageous behavior.

80.     Plaintiffs are informed and believe that Defendants had the intention to cause Plaintiffs' emotional distress, or, at the very least, reckless disregard for the probability of causing Plaintiffs' emotional distress.

81.     As a result, Plaintiffs have suffered severe, constant, and ongoing emotional distress.

82.     Plaintiffs are informed and believe that Defendants' conduct is the actual and proximate cause of their emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows with respect to all causes of action as follows:

1.   For injunctive relief;

2.   For damages according to proof;

3.   For punitive damages;

4.  For the legal rate of interest from the date the damages accrued;

5.  For costs of this action;

6.  For such other and further relief as this court deems just and proper.

DATED: August 23, 2019    FENTON LAW GROUP LLP

By _____

Henry R. Fenton
Summer A. Main
Attorneys for Plaintiffs
STEVE YU, M.D. & AISLING MURPHY, M.D.

19STCV29927

Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2019 01:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*<br>Henry R. Fenton, Esq. (State Bar No. 45130)<br>Summer A. Main, Esq. ( State Bar No. 317697)<br>FENTON LAW GROUP, LLP<br>1990 S Bundy Drive, Suite 777, Los Angeles, CA 90025<br>TELEPHONE NO.: (310) 444-5244   FAX NO.: (310) 444-5280<br>ATTORNEY FOR *(Name):* Steve Yu, M.D., Aisling Murphy, M.D. | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90003
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Yu, et al., vs. Regents of The University of California, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/23/19

Summer A. Main, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, **you must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Exh A - pg 20

| SHORT TITLE: Yu, et al., vs. Regents of The University of California, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Exh A - pg 21

| SHORT TITLE: Yu, et al., vs. Regents of The University of California, et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

Exh A - pg 22

| SHORT TITLE: Yu, et al., vs. Regents of The University of California, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160   Abstract of Judgment | 2, 6 |
| | | ☐  A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121   Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123   Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124   Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190   Election Contest | 2 |
| | | ☐  A6110   Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170   Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100   Other Civil Petition | 2, 9 |

| SHORT TITLE: Yu, et al., vs. Regents of The University of California, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 08/23/2019 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exh A - pg 24

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association
Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exh A - pg 26

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Exh A - pg 27

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

⮞ _____
_____(TYPE OR PRINT NAME)_____ | (ATTORNEY FOR PLAINTIFF)

Date: _____

⮞ _____
_____(TYPE OR PRINT NAME)_____ | (ATTORNEY FOR DEFENDANT)

Date: _____

⮞ _____
_____(TYPE OR PRINT NAME)_____ | (ATTORNEY FOR DEFENDANT)

Date: _____

⮞ _____
_____(TYPE OR PRINT NAME)_____ | (ATTORNEY FOR DEFENDANT)

Date: _____

⮞ _____
_____(TYPE OR PRINT NAME)_____ | (ATTORNEY FOR _____)

Date: _____

⮞ _____
_____(TYPE OR PRINT NAME)_____ | (ATTORNEY FOR _____)

Date: _____

⮞ _____
_____(TYPE OR PRINT NAME)_____ | (ATTORNEY FOR _____)

Exh A - pg 28

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exh A - pg 29

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

       discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤ _____
   (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____      ➤ _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
   (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )
Date:

_____      ➤ _____
   (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )
Date:

_____      ➤ _____
   (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )

Exh A - pg 30

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1.  This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exh A - pg 31

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exh A - pg 32

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
   (ATTORNEY FOR PLAINTIFF)

➤ _____
   (ATTORNEY FOR DEFENDANT)

➤ _____
   (ATTORNEY FOR DEFENDANT)

➤ _____
   (ATTORNEY FOR DEFENDANT)

➤ _____
   (ATTORNEY FOR _____)

➤ _____
   (ATTORNEY FOR _____)

➤ _____
   (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

Exh A - pg 33



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC1

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: Case Manager **(213) 253-9776** mdawson@jamsadr.com
   - Mediation Center of Los Angeles: Case Manager: **(833) 476-9145** info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

**Los Angeles Superior Court ADR website:** www.lacourt.org/division/civil/settlement
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC2

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019 

11                         KEVIN C. BRAZILE

                               Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Exh A - pg 42

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/23/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Marita P. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV29927 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Patricia D. Nieto | 24 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/26/2019
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Marita P. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exh A - pg 43

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
Exh A - pg 44